UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY THOMPSON,

     Plaintiff,

v.                                                                Case No: 8:20-cv-2236-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

Plaintiff's attorney moves the court to award attorney's fees pursuant to 42 U.S.C. § 406(b).  (Motion, Dkt. 28.)  The Commissioner opposes the Motion in part and argues that any fees awarded to Plaintiff's attorney should be reduced by the amount of attorney's fees that Plaintiff would have received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Dkt. 31.)  The court held a hearing on the Motion on May 16, 2023.  (Dkt. 34.)  Upon consideration, the Motion is granted in part.

## BACKGROUND

On September 23, 2020, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security.  (Dkt. 1.)  On July 15, 2021, the court granted the Commissioner's Unopposed Motion for Entry of Judgment with Remand and reversed and remanded the decision of the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Dkt. 26.)  Judgment

was entered in Plaintiff's favor on July 16, 2021.  (Dkt. 27.)  Plaintiff's attorney did

not timely file an application for attorney's fees pursuant to EAJA and Plaintiff was

awarded no EAJA fees.  On remand, the ALJ issued a favorable decision finding

Plaintiff to be disabled since November 28, 2015.  (Dkt. 28 at 3; Dkt. 28-3.)  From

Plaintiff's past-due benefits, the Social Security Administration (SSA) withheld

$12,672.75, which is 25% of Plaintiff's past due benefits, for the payment of Plaintiff's

legal fees.  (Dkt. 28-3.)

In the Motion, Plaintiff's attorney seeks an award of attorney's fees pursuant to

42 U.S.C. § 406(b) and a contingency fee agreement between Plaintiff and his attorney

for representation in federal court.  (Dkt. 28; Dkt. 28-2.)  Plaintiff's attorney has

received a total of $6,738.83 in fees for representation of Plaintiff before the SSA

pursuant to 42 U.S.C. § 406(a) and a separate agreement between Plaintiff and his

attorney for representation before the agency.  (Dkt. 28 at 4; Dkt. 28-3.)[1]  At the

hearing, Plaintiff's attorney agreed with the Commissioner's position that any award

of attorney's fees pursuant to 42 U.S.C. § 406(b) should be reduced by the amount of

any EAJA fees that Plaintiff would have received, had a timely application been filed.

*See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation omitted) ("Congress

---

[1] The SSA's letter to Plaintiff's attorney indicates that the SSA erroneously paid Plaintiff's attorney $738.83 in excess of the amount authorized pursuant to 42 U.S.C. § 406(a)(2)(A)(ii)(II).  (Dkt. 28-3; *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) ("If the claimant has a fee agreement, subsection (a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000.") (citing 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080, 2009 WL 247991 (2009)).

harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."). As both parties agree, that amount would have been $3,869.57. *See* (Dkt. 31 at 3.)

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.* Further, the statute does not impose a 25% cap "on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b)." *Nieves v. Saul*, No. 3:17-cv-940-JRK, 2021 WL 8972943, at *1 (M.D. Fla. Apr. 9, 2021) (citing *Culbertson*, 139 S.

Ct. at 519).  Rather, § 406(b)'s "25% cap applies only to fees for representation before the court, not the agency."  *Culbertson*, 139 S. Ct. at 522.

## ANALYSIS

Plaintiff's attorney seeks a contingency fee award of $11,933.92, less the EAJA fees that Plaintiff would have been awarded, for the time spent on this appeal.  (Dkt. 28.)  Counsel argues that he spent a total 17.9 hours litigating this matter.  (Dkt. 28-1.)[2]  Plaintiff has not received any EAJA fees in this matter; however, the parties agree that had Plaintiff filed a timely application, he would have been awarded $3,869.57 in EAJA fees.  *See* (Dkt. 31 at 3.)  Plaintiff's attorney argues that the amount sought should be approved because Plaintiff agreed to a contingency fee of 25% of any past-due benefits awarded for counsel's work in federal court (Dkt. 28-2) and the total fee award is reasonable.  (Dkt. 28.)

In assessing reasonableness, courts consider whether the retainer agreement contains a fee agreement and whether the sum requested is less than 25% of the awarded retroactive benefits.  *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel 25% of any awarded retroactive benefits under the retainer agreement and the sum requested was less than 25% of the awarded retroactive benefits).  In determining attorney's fee requests, courts also consider "the character

_____

[2] Plaintiff's attorney's billing records include 1.00 hour for preparing an EAJA petition in September 2021 that was never filed.

of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808.

Here, Plaintiff agreed to pay his attorney 25% of the amount of past due benefits Plaintiff was awarded for counsel's work in federal court (Dkt. 28-2), which comports with § 406(b)(1)(A).  The requested fee also does not exceed 25% of Plaintiff's past-due benefits.  (Dkt. 28-3.)  Additionally, counsel's representation of Plaintiff resulted in the court's order reversing and remanding the unfavorable decision (Dkt. 26) and a fully favorable decision and award of past-due benefits on remand (Dkt. 28-3).  Upon review of the docket, the court also does not find that Plaintiff's attorney was responsible for delay in this matter, such that counsel would "profit from the accumulation of benefits during the pendency of the case in court."  *See Gisbrecht*, 535 U.S. at 808.

Further, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order."  *Id.*  However, this factor alone does not provide a sufficient basis for reducing the requested fee figure.  *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) ("*Gisbrecht* expressly rejected exclusive use of the lodestar method to assess the reasonableness of attorney's fees [and] the district court's reliance on only the lodestar method was an abuse of discretion.").  Plaintiff's attorney here seeks attorney's fees at an hourly rate of approximately $667 ($11,933.92 ÷ 17.9).  (Dkt. 28-2.)  The court finds that the requested contingency fee here is not unreasonable, and indeed, courts in this district have approved contingency fees that exceed the hourly rate requested by Plaintiff's

attorney.  *See, e.g., Couture v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving de facto hourly rate of approximately $1,390); *Beira v. Comm'r of Soc. Sec.*, No. 6:12-cv-147-Orl-18DCI, 2021 WL 275905, at *3 (M.D. Fla. Jan. 4, 2021) (approving section 406(b) fee that amounted to a de facto hourly rate of approximately $2,620), *report and recommendation adopted,* 2021 WL 268643 (M.D. Fla. Jan. 27, 2021); *Amador v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2–3 (M.D. Fla. May 28, 2019) (approving de facto hourly rate of approximately $1,300 after reimbursement of the EAJA fee, and collecting cases); *Peterson v. Comm'r of Soc. Sec.*, No. 6:16-cv-948-Orl-40GJK, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018) (approving a de facto hourly rate of approximately $2,000); *Gorgoglione v. Comm'r of Soc. Sec.*, No. 8:13-cv-953-T-33TBS, 2015 WL 2094909, at *3–4 n.3 (M.D. Fla. May 5, 2015) (approving de facto hourly rate of approximately $1,150).

Finally, the court notes that pursuant to the SSA's February 13, 2023 letter to counsel, the SSA is withholding $6,672.75 from Plaintiff's past-due benefits, which represents the balance of 25% of Plaintiff's past-due benefits less the fees that were paid to Plaintiff's attorney pursuant to § 406(a).  (Dkt. 28-3.)  As such, the remaining withheld balance is insufficient to cover the § 406(b) fee to which Plaintiff's attorney is entitled.  However, as the Supreme Court instructs, "the amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court."  *Culbertson*, 139 S. Ct. at 523.  If the amount withheld by the SSA is insufficient to satisfy counsel's

§ 406(b) award, "[a]ny concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." *Id.*; *see also Nieves*, 2021 WL 8972943, at *2 ("[T]o the extent the withheld funds are insufficient to pay the § 406(b) award, [counsel] may seek payment directly from Plaintiff or request the Administration to commence overpayment proceedings to recover the outstanding funds from Plaintiff on her behalf."); *Wester v. Saul*, No. 3:17-cv-886-J-JRK, 2021 WL 129948, at *2 (M.D. Fla. Jan. 14, 2021) ("[T]he amount of withheld funds that remain for payment of attorney's fees [] is not sufficient to pay counsel's requested fee" however "the Court cannot order the Administration to pay such a fee out of its own funds.") (citing *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x. 455, 458 (6th Cir. 2016)).

Accordingly,

1.   Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Dkt. 28) is **GRANTED in part**.

2.   The court approves the attorney's fees requested by counsel as reasonable. Plaintiff's attorney, Michael A. Steinberg is entitled to an award of $8,064.35 in attorney's fees pursuant to 42 U.S.C. § 406(b), which reflects a reduction of counsel's requested amount by the amount of EAJA fees to which Plaintiff would have been entitled ($3,869.57).

3.   The Commissioner is directed to pay Plaintiff's attorney $6,672.75, which represents the balance of 25% of Plaintiff's withheld past-due

benefits.[3] To the extent this amount is insufficient to pay the net award to which counsel is entitled, counsel may follow the appropriate administrative procedures to recover the outstanding amount.

**ORDERED** in Tampa, Florida, on May 22, 2023.

_____

JULIE S. SNEED

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3] This amount does not account for the purported erroneous payment made to Plaintiff's attorney pursuant to 42 U.S.C. § 406(a). (Dkt. 28-3.) If that erroneous payment affects the amount to which counsel is entitled or may be paid by the SSA, that issue may be addressed between the parties. *See* (Dkt. 28-3.)